# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF SUBPOENAS ISSUED TO PETER T. HOLSEN AND ANDRUS INTELLECTUAL PROPERTY LAW, LLP *by way of* AARON T. OLEJNICZAK | Case No. 22-MC-24-JPS<br><br>**ORDER** |

## 1.  INTRODUCTION

On July 11, 2022, Peter T. Holsen ("Holsen"), Andrus Intellectual Property Law, LLP ("Andrus"), and Aaron T. Olejniczak ("Olejniczak") (together, the "Movants") filed this action pursuant to Federal Rule of Civil Procedure 45, requesting an order quashing two deposition subpoenas issued to Holsen (the "Holsen Subpoena") and Olejniczak as "registered agent" of Andrus (the "Olejniczak Subpoena"), respectively. ECF No. 1. The subpoenas were issued by counsel for Turbo Drill Industries, Inc. ("Turbo Drill") in connection with a patent infringement suit filed by Tomax AS ("Tomax") against Turbo Drill currently pending in the United States District Court for the Western District of Texas (the "Texas Action").[1] ECF No. 2 at 2. In their motion to quash, Movants represent that Andrus was the United States law firm that filed the applications for and performed the prosecution that resulted in the two patents-in-suit in the Texas Action; Holsen filed and prosecuted one of the patents and later assumed

---

[1]*See Tomax AS v. Turbo Drill Indus., Inc.*, No. 21-CV-260-ADA (W.D. Tex. Mar. 15, 2021).

responsibility for prosecution of the other patent; and Olejniczak had no involvement with either patent. *Id.*

On July 20, 2022, Turbo Drill filed a document under Local Civil Rule 7(h), styled as both a motion to compel the deposition of Holsen and an opposition to the motion to quash only as to the Holsen Subpoena. ECF No. 5. On July 21, 2022, the Court's staff conducted a telephone conference with the parties and instructed them that the Court would consider only the first-filed motion to quash. During that telephone conference, Turbo Drill stated that it would rest on its July 20, 2022 filing as its opposition to the motion to quash. Consequently, the Court's staff informed the parties that, pursuant to Civil Local Rule 7(c), Movants' reply brief would be due on or before August 3, 2022. The motion to quash is now fully briefed. ECF Nos. 1, 5, 9. The Court has also received an amicus brief from Tomax, ECF No. 7, and a response to the amicus brief from Turbo Drill, ECF No. 12.

Because Turbo Drill did not oppose the motion to quash as to the Olejniczak Subpoena, the Court will grant the motion. *See, e.g.*, *Weather Shield Mfg., Inc. v. Drost*, No. 17-CV-294-JDP, 2017 WL 7053652, at *2 (W.D. Wis. 2017) ("The court will deem Kolbe's motion to quash unopposed and quash Weather Shield's subpoena."). Consequently, this Order addresses the parties' substantive arguments only as to the fully briefed motion to quash the Holsen Subpoena. For the reasons stated herein, the Court will enforce the Holsen Subpoena and deny the motion to quash.

2. **LEGAL STANDARD**

A motion to quash a subpoena should be filed in "the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Here, as the Holsen Subpoena provides for Holsen's deposition to be taken at Andrus' offices in Milwaukee, Wisconsin, the motion to quash is properly before the Court.

Federal Rule of Civil Procedure 45(d)(3)(A) requires courts to quash a subpoena where it, *inter alia*, "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). As to the former analysis, Rule 45(d)(2)(B) "suggests that 14 days is the benchmark time for compliance, and courts have found that fourteen days from the date of service is presumptively reasonable." *Elliot v. Mission Tr. Servs., LLC*, No. 14-CV-9625, 2015 WL 1567901, at *4 (N.D. Ill. Apr. 7, 2015). Nonetheless, "[t]he determination as to what constitutes a reasonable time in any particular case must be arrived at by a consideration of all [] elements which affect that question." *Id.*

The latter analysis aligns with Rule 26(c)'s provision that the Court may issue protective orders on certain types of discovery to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Determining whether a subpoena subjects a witness to an 'undue burden' requires a court to inquire into the subpoena's reasonableness, balancing 'the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Mirbeau of Geneva Lake LLC v. City of Lake Geneva*, No. 08-CV-693-JPS, 2009 WL 3347101, at *4 (E.D. Wis. Oct. 15, 2009) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed.1995)). Factors courts are to consider while conducting this balancing test include "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request." *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id.*

### 3. RELEVANT FACTS AND ARGUMENTS

Movants maintain that neither Andrus nor any of its attorneys had knowledge of the Texas Action until June 29, 2022, when a process server served the subpoenas "completely out of the blue." *Id.* at 2, 4. The Holsen Subpoena commanded Holsen's appearance for a remote deposition by videoconference on July 14, 2022, 15 days after it was served, at Andrus' offices in Milwaukee. ECF No. 3-3. Movants argue that 15 days' notice did not provide Holsen with a reasonable time to comply, particularly in light of the intervening July 4 holiday, as well as Holsen's and his defending attorneys' unavailability on the noticed date. ECF No. 2 at 4.

Movants further argue that the Holsen Subpoena is "a confusing mash-up of Rules 30(b)(1) and 30(b)(6)." *Id.* Specifically, while the Holsen Subpoena is issued to Holsen, ostensibly under Rule 30(b)(1), it includes a list of topics for examination, which Movants contend is more appropriate for a Rule 30(b)(6) subpoena directed to an organization. *Id.* at 5. Consequently, Movants argue that the list of topics attached to the Holsen Subpoena subjects Holsen to an undue burden. *Id.*

Finally, Movants allege that the Holsen Subpoena runs afoul of Rule 30(b)(4), which provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." *Id.* (quoting Fed. R. Civ. P. 30(b)(4)). Because the Holsen Subpoena notices Holsen's deposition by remote videoconference without a court order or stipulation, Movants argue, it subjects Holsen to an undue burden.

For its part, Turbo Drill avers that the process server inadvertently attached to the Holsen Subpoena the list of 30(b)(6) topics for examination that were meant for the Olejniczak Subpoena. ECF No. 6 at 2. Turbo Drill represents that this is corroborated by the fact that the Olejniczak Subpoena

includes a reference to an attached "Exhibit A" listing topics for examination, while the Holsen Subpoena does not. *Id.*; *compare also* ECF No. 3-3 at 4, *with* ECF No. 3-4 at 4. Additionally, Turbo Drill alleges that, after serving the subpoenas, it attempted to meet-and-confer with Movants to give Holsen more time to comply, to no avail. ECF No. 6 at 1. Turbo Drill states that it repeated its efforts to meet-and-confer regarding a mutually agreeable date for Holsen's deposition after preparing a response to the instant motion to quash, again to no avail. *Id.* at 2.

In an amicus brief filed on August 3, 2022, Tomax raises the merits and schedule of the Texas Action. Specifically, Tomax argues that the Court should quash the Holsen Subpoena because Turbo Drill's counterclaim that "Andrus IP Law committed fraud on the USPTO when it did not disclose" certain forms of prior art—apparently, the claim for which it seeks Holsen's testimony—fails as a matter of law. ECF No. 7 at 4. Tomax also suggests that the Court should quash the Holsen Subpoena because fact discovery closed in the Texas Action on July 22, 2022; accordingly, late introduction of evidence would prejudice Tomax. *Id.* at 3. Finally, Tomax avers that the parties already served their expert reports on July 29, 2022, and Turbo Drill's expert report does not mention the fraud claim. *Id.* at 3–4. In a response to the amicus brief, Turbo Drill notes that orders compelling discovery continue to be entered in the Texas Action, including as recently as August 2, 2022. ECF No. 12 at 2. Turbo Drill also maintains that its fraud counterclaim does not require expert testimony, which is why its expert does not address the claim in its opening report. *Id.* Nonetheless, to the extent Tomax wishes to address the argument, it has a rebuttal expert report deadline of August 26, 2022 to do so. *Id.*

In further support of the "timing" argument raised in Tomax's amicus brief, Movants inform the Court in their reply brief that Tomax filed the Texas Action in March 2021. ECF No. 9 at 2. Fact discovery opened on December 1, 2021. *Id.* Turbo Drill did not plead its fraud counterclaim until June 14, 2022, which was the deadline to file amended pleadings in the Texas Action. ECF No. 10 at 2; ECF No. 3-2 at 4. Movants contend that the facts underlying the counterclaim were "evident from day one"; yet, Turbo Drill did not amend to include them or "seek discovery of Holsen as the prosecuting attorney until June 2022, shortly before the close of discovery in the Texas Action." ECF No. 9 at 2.

4.  **ANALYSIS**

At the outset, the Court determines that the Holsen Subpoena did not supply Holsen with reasonable time to comply. While 14 days is a benchmark, courts have held that an intervening holiday may render that timeline unreasonable. *See Elliot*, 2015 WL 1567901, at *4 (citing *Thomas v. IEM, Inc.*, No. 06-CV-886, 2008 WL 695230, at *3 & n.10 (M.D. La. 2008) (15 days was inadequate, especially considering the Christmas holiday fell within those 15 days)). Nevertheless, Turbo Drill made several "legitimate effort[s] to accommodate [Holsen's] schedule," including by way of at least two meet-and-confer calls. *Id.* at *6. During those calls, Turbo Drill offered Holsen more time to comply with the subpoena, including several alternative dates as well as weekends, and stated that it would limit Holsen's deposition to two hours. ECF No. 6 at 2. Movants would not budge. Moreover, while the original appearance date of July 14 was unreasonable, given Movants' filing of the instant motion to quash, almost a month has now passed. Thus, the timeliness issue "is now moot." *Wi-*

*LAN, Inc. v. LG Elecs.*, No. 10-CV-7721, at *2 (N.D. Ill. Jan. 18, 2011). Consequently, the Court will not quash the subpoena on this basis.

The Court further finds that the Holsen Subpoena's notice of Holsen's deposition by remote means is not an undue burden. Indeed, courts within this Circuit have found notice of deposition by remote means as a factor weighing *against* a finding of undue burden. *Ansur Am. Ins. Co. v. Borland*, No. 21-CV-59, 2022 WL 1605338, at *3 (S.D. Ill. May 20, 2022) ("While the subpoenaed individuals are located [out of state], [Defendants] will either take the depositions remotely or in [in the non-parties' state] and will last no longer than three hours . . . . Although the depositions will require time out of the individuals' days, the standard burdens inherent to every deposition cannot themselves be the kind of undue burden that warrants quashing of a deposition subpoena.") (internal citations omitted). As in *Borland*, Holsen's deposition here would be both remote, so that he need not travel from Wisconsin to Texas, and limited to two hours. The Court further accepts Turbo Drill's explanation for why the list of topics was served as attached to both subpoenas; the language of the Holsen Subpoena plainly does not reference an attached Exhibit A as does the Olejniczak Subpoena. The Court will not quash the subpoena on the basis of undue burden.

This leaves the Court to consider the underlying merits and scheduling arguments raised by Tomax in its amicus brief. The Court allows and will consider these arguments, as Tomax has presented "specific information that can assist the court beyond what the parties" provided. *In re Edison Mission Energy*, 610 B.R. 871, 878 (N.D. Ill. 2020) (citations omitted). First, Tomax's argument that the Holsen Subpoena should be quashed because the fraud counterclaim allegedly fails on the merits misses the

mark. *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011) ("This Court will not quash subpoenas on the basis of denials of liability because such denials are not relevant as to the validity or enforceability of a subpoena."); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4, 577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.").

Second, the Court is sympathetic to the fact that the fact discovery deadline in the Texas Action closed approximately 10 days after Movants filed the motion to quash. However, Turbo Drill served the Holsen Subpoena on June 29, 2022, almost one month prior to the close of the fact discovery deadline, and two weeks after the deadline set by the court in the Texas Action to amend pleadings. Any delay and prejudice to Tomax, in the Court's view, is due to the filing of the instant motion to quash and Movants' refusal to negotiate an agreeable date for Holsen's deposition in the month between service of the subpoena and the close of fact discovery.

The Court expects practitioners, as officers of the court, to engage with one another and the courts as seasoned lawyers working together in a cooperative, professional atmosphere, to ensure that cases are adequately and timely managed. The Court also well appreciates that the merits and underlying schedule of this case are not before it. In that vein, the Court will order that the parties work together "to find a reasonably accommodating time for compliance," based on the schedule as set forth in the Texas Action. *Wi-Lan*, 2011 WL 148058, at *3. Such time for compliance shall be no later than **twenty-one (21) days** following the date of this Order, as the briefing of this motion has now allowed Holsen more than a month to prepare for his deposition. Should the parties feel that enforcement of the Holsen

Subpoena as set forth in this Order compromises the trial schedule in the Texas Action, that is for District Court Judge Alan Albright to consider. The Court orders that any subsequent requests as to timing and/or for protective orders must be made before his court instead. *See, e.g., Kearney for Kearney v. Jandernoa*, 172 F.R.D. 381, 383 (N.D. Ill. 1997) (while the transfer of motions to quash is disfavored in the Seventh Circuit, an enforcing court may instead stay local proceedings and order a motion for a protective order as to the scope of a subpoena to be filed with the trial court, rather than with the enforcing court).

### 5. CONCLUSION

The Court grants Movants' motion to quash the Olejniczak Subpoena. ECF No. 1. The Court denies Movants' motion to quash the Holsen Subpoena and orders the parties to meet-and-confer on a reasonably accommodating time for compliance, no later than twenty-one (21) days following the date of this Order. *Id.* The Court denies as moot Turbo Drill's motion to compel. ECF No. 5.

Accordingly,

**IT IS ORDERED** that Peter T. Holsen, Andrus Intellectual Property Law, LLP, and Aaron T. Olejniczak's motion to quash, ECF No. 1, be and the same is hereby **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that the subpoena issued by Turbo Drill Industries, Inc. to Aaron T. Olejniczak as registered agent of Andrus Intellectual Property Law, LLP be and the same is hereby **QUASHED**;

**IT IS FURTHER ORDERED** that the subpoena issued by Turbo Drill Industries, Inc. to Peter Holsen be and the same is hereby **ENFORCED**. The parties are to meet-and-confer on a reasonably

Page 9 of 10
Case 2:22-mc-00024-JPS   Filed 08/09/22   Page 9 of 10   Document 13

accommodating time for compliance, no later than twenty-one (21) days following the date of this Order;

**IT IS FURTHER ORDERED** that Turbo Drill Industries, Inc.'s motion to compel, ECF No. 5, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge